THE STATE, DEFENDANT IN ERROR, v. GASTON CLIFFORD, PLAINTIFF IN ERROR.

Submitted December 2, 1915—Decided March 6, 1916.

A jury found that cider sold by defendant was intoxicating, upon evidence justifying such an inference. The defendant did not raise the question whether such a sale came within the language of section 66 of the Crimes act. *Held*, that the conviction must be affirmed.

On error to the Sussex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the state, *William A. Dolan.*

For the defendant, plaintiff in error, *Henry C. Hunt.*

The opinion of the court was delivered by

SWAYZE, J.   Under the charge of the court, it was necessary for the state to prove, in addition to other facts, that the cider sold by the defendant was intoxicating.   Having charged that, the judge was not required to charge the more general proposition that the sale of cider, although without a license for that purpose, is not a criminal offence.   There was evidence from which a jury might infer that the cider in question was intoxicating, and since they convicted the defendant under a charge that made proof of that fact essential, we must assume that they so found.   The question then is whether such sales are illegal so that when accompanied by other acts of disorder specified in the indictment a conviction of keeping a disorderly house is warranted.   The judge was careful to say that the illegal selling of intoxicating liquors only would not justify a conviction under the indictment.

Our statute (*Comp. Stat., p.* 1767, § 66) forbids the sale without license of vinous, spirituous or malt liquors, wine, rum, gin, brandy or other ardent spirits.   The words seem to be meant by the legislature to include all kinds of intoxicating liquors.   Perhaps the defendant might have raised the question whether cider, even of an intoxicating character, came under the language of the statute.   *Commonwealth* v. *Reyburg,* 16 *Atl. Rep.* 351.   He did not do so.   He seems to have assumed that the illegal sale of any intoxicating liquor came within the prohibition of the act.   We think this assumption was justified.   The judgment is affirmed.